UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GERARD DUENAS, HAROLD GOLDMAN, In Pro Se,<br><br>          Plaintiffs,<br><br>     vs.<br><br>STEVEN FREITAS, AKA STEVE FREITAS, in his Official and Private Capacity, SONOMA COUNTY SHERIFF'S DEPARTMENT, KATHRYN STRALEY, in her official and private capacity, DOES 1-15, Inclusive,<br><br>          Defendants. | Case No:   C 13-0836 SBA<br><br>ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

   Plaintiffs Gerard Duenas and Harold Goldman, proceeding pro se, bring the instant action against Defendants Sonoma County Sheriff Steven Freitas, the Sonoma County Sheriff's Department (SCSD), and SCSD employee Kathryn Straley, pursuant to 42 U.S.C. § 1983, among other claims.  Plaintiffs apply ex parte for a temporary restraining order (TRO) to enjoin Defendants from evicting Goldman, a former tenant of Duenas, from property previously owned by Duenas.  Defendants have not been served with the Complaint or the application for TRO.  This matter will be decided on the papers that have been submitted.  Having considered all of the papers filed by Plaintiffs, the Court denies the application for an ex parte TRO.

BACKGROUND

Duenas is the former owner of property located at 6285 Highway, Santa Rosa, California. Goldman, an 82-year male, previously entered into a lease agreement with Duenas for the property for the period from December 3, 2009 to December 2, 2014.

On or about April 11, 2011, the property was sold at a non-judicial foreclosure sale to Deutsche Bank National Trust Company, which has not been joined as a party in this action. On a date not specified in the pleadings, Deutsche Bank commenced an unlawful detainer (UD) action in Sonoma County Superior Court to take possession of the property. See Deutsche Bank Nat'l Trust Co. v Duenas, et al., Sonoma Cnty. Super. Ct. No. MCV 21771. The state court originally issued a Writ of Possession in favor of Deutsche Bank on October 4, 2011, at which time it attempted to evict Plaintiffs from the Property.[1]

On February 20, 2013, the Sonoma County Superior Court issued a second Writ of Possession in favor of Deutsche Bank which was served on the same date. The Notice to Vacate attached to the writ states that all occupants of the property must vacate the premises by no later than 6:01 a.m. on February 27, 2013.

On February 25, 2013, Plaintiffs filed a verified Complaint in this Court which alleges the following claims against Defendants: (1) fraud and violation of the Fair Debt Collection Practices Act (FDCPA); (2) violation of due process and intentional infliction of emotional distress; (3) violation of the

---

[1] It is not clear whether Duenas was residing at the property when Deutsche Bank first attempted to enforce the Writ of Possession.

1  Fourth Amendment; (4) violation of the Protecting Tenants in
2  Foreclosure Act (PTFA).  Dkt. 1.  Along with the Complaint,
3  Plaintiffs have filed a two-page application for a TRO which seeks
4  to enjoin Defendants from proceeding with the eviction of Goldman
5  on February 27, 2013.  Dkt. 3.  As noted, Plaintiffs have served
6  neither the Complaint nor the TRO application on Defendants.

## LEGAL STANDARD

8       A temporary restraining order may be issued only if
9  "immediate and irreparable injury, loss, or damage will result to
10 the applicant" if the order does not issue.  Fed. R. Civ. P.
11 65(b).  The same legal standard applies to an application for a
12 TRO and a motion for a preliminary injunction.  See Stuhlbarg
13 Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th
14 Cir. 2001).  To obtain immediate injunctive relief, the moving
15 party must show: (1) a likelihood of success on the merits; (2) a
16 likelihood of irreparable harm to the moving party in the absence
17 of preliminary relief; (3) that the balance of equities tips in
18 the moving party's favor; and (4) that an injunction is in the
19 public interest.  Winter v. Natural Res. Def. Council, Inc., 555
20 U.S. 7, 20 (2008).

21      Under the Ninth Circuit's "sliding scale" approach, the first
22 and third elements of the Winter test are to be balanced such that
23 "serious questions" going to the merits and a balance of hardships
24 that "tips sharply" in favor of the movant are sufficient for
25 relief so long as the other two elements are also met.  Alliance
26 for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir.
27 2011).  Nevertheless, a preliminary injunction is "an
28 extraordinary remedy that may only be awarded upon a clear showing

1  that the plaintiff is entitled to such relief," <u>Winter</u>, 555 U.S.
2  at 22, and the moving party bears the burden of meeting all four
3  <u>Winter</u> prongs, <u>see</u> <u>Cottrell</u>, 632 F.3d at 1135; <u>DISH Network Corp.</u>
4  <u>v. FCC</u>, 653 F.3d 771, 776-77 (9th Cir. 2011).

                              DISCUSSION

I.   Request for <u>Ex Parte</u> TRO

   A TRO may be issued without notice to the adverse party or its counsel only if:

> A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); N.D. Cal. Civ. R. 65-1(b).

   There are "very few circumstances justifying the issuance of an ex parte TRO." <u>Reno Air Racing Ass'n Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir. 2006).  For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing."  <u>Id.</u>  Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence.  <u>Id.</u>

   Here, Plaintiffs have not submitted an affidavit or otherwise made any showing in accordance with Rule 65-1(b) that they will suffer immediate and irreparable harm before Defendants can be heard in opposition to the TRO request.  Likewise, Plaintiffs have made no showing that notice should be excused due to their

- 4 -

1 inability to identify or locate Defendants or that providing
2 notice would render further prosecution of the action fruitless.
3 Id.  Plaintiffs' failure to satisfy the requirements for the
4 issuance of a TRO without notice, standing alone, warrants the
5 denial of their request for a TRO.[2]
6 II.   Likelihood of Success
7      Even if Plaintiffs had provided notice to Defendants or
8 satisfied the requirements for an ex parte TRO, they have failed
9 to demonstrate a likelihood of success on the merits.  The
10 gravamen of Plaintiffs' claims is that Deutsche Bank had no legal
11 right to foreclose on the property and therefore the Writ of
12 Possession is void.  Under the Rooker-Feldman doctrine, however,
13 federal courts lack jurisdiction to review the propriety of state
14 court rulings, including a Writ of Possession rendered during the
15 course of a state court UD proceeding.  See, e.g., Richards v.
16 Mercy Hous. Cal., 2012 WL 174186, at *2 (N.D. Cal.) (denying
17 motion for preliminary injunction which sought to enjoin eviction
18 by the county sheriff); Drawsand v. F.F. Props., L.L.P., 866 F.
19 Supp. 2d 1110, 1123 (N.D. Cal. 2011) ("To the extent that Drawsand
20 is attempting to challenge the adverse ruling in the UD action,
21 such claim is barred under the Rooker–Feldman doctrine.").

---

[2] The fact that Plaintiffs are proceeding pro se does not excuse their non-compliance with the procedural rules of this Court.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (per curiam); Swimmer v. IRS, 811 F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).

Jurisdictional flaws aside, Plaintiffs have not shown that their claims have any substantive merit.  Goldman, the party most directly affected by the impending eviction, alleges that he is protected under the PTFA.  Compl. ¶ 2.  The PTFA requires any party acquiring an interest in property through foreclosure to provide existing tenants with ninety days' notice to vacate.  See Pub. L. No. 111-22, tit. VII, § 702, 123 Stat. 1632, 1660-61 (2009).  Plaintiffs do not allege that Deutsche Bank--which is not a party to the action--failed to provide the requisite notice.  See Compl. ¶¶ 123-24.  In any event, Congress did not create a private right of action to enforce the PTFA.  See Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012); Nat'l Trust Co. v. Eaddy, 2012 WL 4173987, at * 1 (N.D. Cal.); Nativi v. Deutsche Bank Nat'l Trust Co., 2010 WL 2179885 (N.D. Cal.).  As for Duenas, he no longer owns the property and thus lacks standing to challenge Goldman's eviction.

Plaintiffs also have failed to allege any viable claims against Defendants.  Defendants' only role in the matter is that they served the Writ of Possession at the property address.  Plaintiffs allege that in doing so Defendants are attempting to seize the property without a warrant in violation of the Fourth Amendment.  Compl. ¶¶ 10, 18.  Under California law, however, "a writ of possession may be effectuated without a warrant."  Busch v. Torres, 905 F. Supp. 766, 772 (C.D. Cal. 1995) (citing People v. Jackson, 117 Cal. App. 3d 654, 658 (1981)).

Finally, Plaintiffs' likelihood of success is undermined by their failure to join Deutsche Bank, the real party in interest, as a defendant.  Almost all of the allegations of misconduct are

- 6 -

directed at Deutsche Bank, which instituted the UD proceeding and obtained the Writ of Possession that Plaintiffs now allege is void. E.g., Compl. ¶ 44. Since any effort to challenge the viability or enforceability of the Writ of Possession necessarily affects the rights of Deutsche Bank, the owner of the property, the action is likely subject to dismissal under Federal Rule of Civil Procedure 19(a) for failure to join a required party. Paiute-Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal., 637 F.3d 993, 997 (9th Cir. 2011).

### III. Irreparable Harm

The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm. Gonzalez v. Wells Fargo Bank, 2009 WL 3572118 at *3 (N.D. Cal.). Nonetheless, a TRO is not warranted, where, as here, Plaintiffs have a marginal probability of succeeding on their claims. See Washington v. Nat'l City Mortg. Co., 2010 WL 5211506, at *6 (N.D. Cal.) (denying motion for TRO to enjoin foreclosure "given [plaintiffs'] failure to establish any likelihood of success on the merits.").

### CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' ex parte application for a TRO is DENIED.

2. This Order terminates Docket No. 3.

IT IS SO ORDERED.

Dated: February 26, 2013

_____ For
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 7 -