1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GERARD DUENAS, HAROLD GOLDMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN FREITAS, AKA STEVE FREITAS, in his Official and Private Capacity, SONOMA COUNTY SHERIFF'S DEPARTMENT, KATHRYN STRALEY in her official and private capacity, DEUTSCHE BANK, NATIONAL TRUST COMPANY, MICHAEL S. AND MARY C. BASKAUSKAS, DOES 1-15, Inclusive,<br><br>Defendants. | Case No:  C 13-0836 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Docket 12, 21 |

9

10

11

12

13

14

15

16

17

18

19        Plaintiffs Gerard Duenas ("Duenas") and Harold Goldman ("Goldman") bring the

20   instant pro se action against Deutsche Bank National Trust Company ("Deutsche Bank"),

21   along with the Sonoma County Sheriff's Office (erroneously sued the "Sonoma County

22   Sheriff's Department"), Sonoma County Sheriff Steven Freitas and Sonoma County

23   employee Kathryn Straley, in their personal and official capacities (collectively "Sheriff

24   Defendants").  Plaintiffs allege that Defendants improperly obtained and then attempted to

25   serve a Writ of Possession to recover possession of property leased to Goldman by Duenas,

26   who lost the property through foreclosure.  Plaintiffs allege claims under the Fair Debt

27   Collection Practices Act ("FDCPA"), 15 U.S.C. § 1682 et seq., the Due Process Clause and

28   the Fourth Amendment, and the Protecting Tenants in Foreclosure Act ("PTFA").

1   The parties are presently before the Court on the Sheriff Defendants' Motion to

2   Dismiss First Amended Complaint ("Amended Complaint"), Dkt. 12, and Deutsche Bank's

3   Motion to Dismiss Amended Complaint, Dkt. 21.  Having read and considered the papers

4   filed in connection with this matter and being fully informed, the Court hereby GRANTS

5   the motions for the reasons set forth below.  The Court, in its discretion, finds this matter

6   suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ.

7   L.R. 7-1(b).

8   **I.     BACKGROUND**

9       **A.     FACTUAL SUMMARY**

10          **1.     Foreclosure of the Property**

11   Duenas is the former owner of residential real property located at 6285 Highway 12,

12   Santa Rosa, California (the "Property").  First Am. Compl. ("FAC") Ex. B, Dkt. 10.  In or

13   about 2005, Duenas obtained an adjustable rate rider loan from IndyMac Bank, F.S.B.

14   ("IndyMac"), which was secured by the Property.  Id.  On a date not specified in the

15   pleadings, Deutsche Bank assumed ownership of Duenas' loan from IndyMac.  Around

16   2007, Duenas defaulted on his mortgage, resulting in a Notice of Default being recorded

17   against the Property on November 27, 2007.  Deutsche Bank Req. for Jud. Notice ("RJN")

18   Ex. A, Dkt. 21-2.  Deutsche Bank eventually completed its non-judicial foreclosure of the

19   Property on April 11, 2011.  Id. Ex. B, Dkt. 21-3.[1]

20          **2.     Unlawful Detainer Action**

21   On June 3, 2011, after completing the foreclosure process, Deutsche Bank filed an

22   unlawful detainer action against Duenas in the Sonoma County Superior Court.  FAC

23   Ex. H.  At that time, the Property was occupied by Goldman, who had leased the Property

24   from Duenas for the time period from December 3, 2009 to December 2, 2014.  Goldman

25   Decl. ¶ 1, Dkt. 3.

26

27   _____

28       [1] According to the Bank, Duenas delayed its foreclosure efforts by filing four
separate bankruptcy petitions.  See Bank's Mot. at 2 n.2.

1    On August 4, 2011, the Superior Court entered judgment in the unlawful detainer

2  action and issued a Writ of Possession in favor of Deutsche Bank.  RJN Exs. P, Q, Dkt. 21-

3  17, 21-18.  In response, Goldman appealed the judgment to the Appeal Department of the

4  Sonoma County Superior Court and obtained a stay of the Writ of Possession.  Id. Ex. S,

5  Dkt. 20-20.  The Appeal Department rejected Goldman's argument that he was protected

6  by the PTFA, among other claims, and affirmed the judgment on November 7, 2012.  Id.

7  Ex. V, Dkt. 21-23.  On February 11, 2013, the Superior Court vacated the stay of the

8  judgment and directed the clerk to issue a Writ of Possession.  Id. Ex. W.  The clerk issued

9  the writ on the same date.  FAC Ex. A.

10    On February 15, 2013, Goldman filed a Notice of Removal in this Court which

11  purported to remove the closed unlawful detainer action.  See Deutsche Bank Nat'l Trust

12  Co. v. Gerard Duenas, No. C 13-0738 RS.  Deutsche Bank timely filed a motion to remand.

13  On April 2, 2013, Magistrate Judge Joseph Spero issued a Report and Recommendation in

14  which he recommended granting the motion and remanding the action to state court.  RJN

15  Ex. Y, Dkt. 21-26.  In particular, Magistrate Judge Spero found that Goldman's removal

16  was untimely, diversity jurisdiction was lacking, no federal question was presented by the

17  unlawful detainer action, and that Goldman's proposed cross-claims under the PTFA and

18  the Fourteenth Amendment did not provide a basis for removal jurisdiction.  On April 7,

19  2013, District Judge Richard Seeborg issued an Order adopting Magistrate Judge Spero's

20  recommendation and remanded the action.  See Deutsche Bank Nat. Trust Co. v. Goldman,

21  No. C 13-0738 RS, 2013 WL 1663549 (N.D. Cal. Apr. 2, 2013), adopted 2013 WL

22  1662437 (N.D. Cal. Apr. 17, 2013).

23    B.    PROCEDURAL HISTORY

24        1.    **Original Complaint and Temporary Restraining Order**

25    On February 25, 2013—ten days after Goldman attempted to the remove the

26  unlawful detainer action—Duenas and Goldman filed a verified Complaint in this Court

27  against the Sheriff Defendants.  The Complaint alleged four causes of action for violation

28  of:  (1) the FDCPA; (2) the Due Process Clause; (3) the Fourth Amendment; and (4) the

1  PTFA.  Dkt. 1.  Plaintiffs also filed an application for a TRO to enjoin the Sheriff

2  Defendants from proceeding with the eviction of Goldman then allegedly scheduled for

3  February 27, 2013.  Dkt. 3.

4      On February 26, 2013, the Court denied Plaintiffs' TRO Application on the grounds

5  that Plaintiffs had failed to provide notice of the application to Defendants, and that

6  Plaintiffs had failed to demonstrate a likelihood of success on their claims.  Order Denying

7  Ex Parte Appl. for a TRO, Dkt. 5; see 2013 WL 707033.  First, the Court found that:

8  (1) Plaintiffs' challenge to the Writ of Possession issued in connection with the state court

9  unlawful detainer proceeding was likely barred by the Rooker-Feldman doctrine;

10  (2) Goldman's claim under the PTFA was not cognizable because he did not allege

11  Deutsche Bank failed to comply with its notice provisions, and because Congress did not

12  create a private right of action to enforce the PTFA; (3) no Fourth Amendment violation

13  had been stated because a writ of possession may be effectuated without a warrant; and

14  (4) no plausible claims had been stated against the Sheriff Defendants, whose only action is

15  their attempt to service the notice of eviction.

16      **2.      First Amended Complaint**

17      On March 5, 2013, Plaintiffs filed a 69-page First Amended Complaint ("Amended

18  Complaint"), consisting of 142 paragraphs and numerous exhibits attached thereto.  Dkt.

19  10.  As before, the Amended Complaint alleges four causes of action for violation of the

20  FDCPA, violation of due process, violation of the Fourth Amendment, and a claim by

21  Goldman under the PTFA.  In addition to the Sheriff Defendants, the Amended Complaint

22  joins Deutsche Bank along with Michael and Mary Baskausas, who purchased the Property

23  after foreclosure, as party-defendants.[2]

24

25      [2] There is nothing in the docket to indicate that Plaintiffs served Michael and Mary
   Baskausas with Summons and the Amended Complaint. The Court's rationale for
26  dismissing the action applies equally to these unserved defendants.  See Silverton v.
   Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding district court "may
27  properly on its own motion dismiss an action as to defendants who have not moved to
   dismiss where such defendants are in a position similar to that of moving defendants or
28  where claims against such defendants are integrally related").

Though difficult to decipher, the gist of the Amended Complaint appears to be that the Deutsche Bank had no right to foreclose on the Property and therefore the resulting final judgment and Writ of Possession rendered in the UD action are void.  E.g., FAC ¶¶ 31-33 36-41, 44.  With regard to the Sheriff Defendants, Plaintiffs accuse them of improperly attempting to serve the notice of eviction and Writ of Possession on October 4, 2011 and February 20, 2013.  Id. ¶ 6, 43.  In particular, Plaintiffs allege that they served these documents without a warrant as purportedly required by the Fourth Amendment.  Id. ¶ 118.  As relief, Plaintiffs to request compensatory and punitive damages in the amount of $250,000 each against the Sheriff's Office, Sheriff Freitas and Deutsche Bank, and $80,000 from Fraley.  Id. ¶ 138.  In addition, Plaintiffs seek an injunction preventing Goldman's eviction and the sale of the Property, and declaratory relief in the form of an order declaring Duenas to be the owner of the property.  Id. ¶¶ 134-138.

### 3. The Instant Motion

The Sheriff Defendants and Deutsche Bank both move to dismiss the Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  Dkt. 12, 21.  Alternatively, they argue Plaintiffs have otherwise failed to state a claim with respect to any of the claims alleged in the Amended Complaint.  The matter is fully briefed and is ripe for adjudication.  Because the motions present overlapping arguments, the Court discusses them together.

## II. LEGAL STANDARD

### A. LACK OF JURISDICTION

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  In a "facial" challenge, the court assumes the truth of plaintiff's factual allegations and draws all reasonable inferences in its favor.  Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009).  In the case of a "speaking" motion, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."

1  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  In that case, "[i]t then

2  becomes necessary for the party opposing the motion to present affidavits or any other

3  evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

4  subject matter jurisdiction."  Colwell v. Department of Health and Human Servs., 558 F.3d

5  1112, 1121 (9th Cir. 2009) (internal quotation marks and citation omitted).  However, a

6  facial attack need not be converted to a speaking motion where "the additional facts

7  considered by the court are contained in materials of which the court may take judicial

8  notice."  Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citation omitted).  "Once

9  challenged, the party asserting subject matter jurisdiction has the burden of proving its

10  existence."  Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d

11  1095, 1102 n.1 (9th Cir. 2007).

12       **B.**    **FAILURE TO STATE A CLAIM**

13       A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

14  plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

15  a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

16  1990).  In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations

17  contained in the pleadings, exhibits attached to the complaint, and matters properly subject

18  to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  The court is

19  to "accept all factual allegations in the complaint as true and construe the pleadings in the

20  light most favorable to the nonmoving party."  Outdoor Media Group, Inc. v. City of

21  Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  To survive a motion to dismiss for

22  failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that

23  is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see

24  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  Where a complaint or claim is dismissed,

25  leave to amend generally is granted, unless further amendment would be futile.  Chaset v.

26  Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

27

28

**III.   DISCUSSION**

### A.   SUBJECT MATTER JURISDICTION

The Rooker-Feldman doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994)). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court." Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (Rooker-Feldman "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). Where Rooker-Feldman applies, a federal court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel, 341 F.3d at 1158.

Here, all of Plaintiffs' claims arise from Defendants' rightful efforts to enforce the Writ of Possession granted to Deutsche Bank following the judgment entered in its favor in the state court UD proceeding. According to Plaintiffs: (1) Deutsche Bank had no right to evict Goldman and obtain a Writ of Possession because it did not present an original of the promissory note during as part of the unlawful detainer action; (2) the Writ of Possession was not supported by an oath or affirmation; and (3) the Sheriff's Office served the Writ of Possession without an accompanying warrant. FAC ¶¶ 6, 12, 17, 21, 31, 17, 43. In addition, Plaintiffs specifically attack the state court judgment, claiming that: "The Foreclosure case, an unlawful detainer, filed against us in Sonoma County Superior Court is a void judgment, having been filed by a party without standing and capacity and cannot be enforced as a void judgment." Id. ¶ 44 (emphasis added).

In order for Plaintiffs to prevail in *this* action, the Court necessarily would have to conclude that the trial court erred in ruling for Deutsche Bank and therefore had no legal

1 basis upon which to issue the Writ of Possession.  In addition, the Court would effectively

2 have to invalidate the writ.  Plaintiffs had the opportunity to appeal the state court ruling,

3 but apparently did not do so.  Having lost in state court, the <u>Rooker-Feldman</u> doctrine

4 precludes Plaintiffs from repackaging their claims under the guise of the federal law and

5 collaterally attack the state court's decision in this Court.  <u>See</u> <u>Noel v. Hall</u>, 341 F.3d 1148,

6 1158 (9th Cir. 2003) ("Once a federal plaintiff seeks to bring a forbidden de facto appeal, . .

7 . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with

8 the state court judicial decision from which the forbidden de facto appeal is brought."); <u>e.g.</u>,

9 <u>Al-Mansur v. Gross</u>, No. C 12-5535 SBA, 2013 WL 3157919, *5-6 (N.D. Cal. June 20,

10 2013) (dismissing action with prejudice where plaintiff was prosecuting a de facto appeal

11 of various statute court unlawful detainer judgments).[3]  Accordingly, the Court concludes

12 that the Amended Complaint is subject to dismissal for lack of subject matter jurisdiction.

13 **B.      SUFFICIENCY OF CLAIMS**

14 Alternatively, even if the Court were not deprived of subject matter jurisdiction,

15 Plaintiffs have failed to allege any plausible legal claims.

16 **1.      FDCPA**

17 Plaintiffs' first cause of action alleges that all Defendants violated the FDCPA by

18 improperly foreclosing on the Property.  The FDCPA prohibits "debt collectors" from

19 engaging in various unlawful debt collection practices, including the making of "false,

20 deceptive or misleading representations."  15 U.S.C. §§ 1692a  & 1692e.  A "debt

21 collector" includes any person "who regularly collects or attempts to collect, directly or

22 indirectly, debts owed or due or asserted to be owed or due another."  <u>Id.</u> § 1692a(6).

23 A "debt" is defined as "any obligation or alleged obligation of a consumer to pay money

24 arising out of a transaction in which the money, property, insurance, or services which are

25

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    [3] Defendants also raise jurisdictional challenges based on mootness and the Anti-
    Injunction Act.  While these arguments have merit, they only pertain to Plaintiffs' requests
27 for injunctive relief.  The <u>Rooker-Feldman</u> doctrine bars Plaintiffs' action in its entirety
    because it seeks both directly and indirectly to challenge the state court's issuance of a Writ
28 of Possession.

1  the subject of the transaction are primarily for personal, family, or household purposes,

2  whether or not such obligation has been reduced to judgment." Id. § 1692a(5).

3      None of the Defendants are alleged to be "debt collectors" within the meaning of the

4  FDCPA.  Moreover, a FDCPA claim cannot be predicated on actions relating to the filing

5  and prosecution of an unlawful detainer action.  David v. GMAC Mortg., LLC, No. C 11-

6  2914 PJH, 2011 WL 6100616, *3 (N.D. Dec. 8, 2011) (dismissing FDCPA claim with

7  prejudice which was based on defendants' foreclosure and filing unlawful detainer action

8  against the plaintiffs); Brambila v. Reo Bay Area, LP, No. 11-3202 SI, 2011 WL 4031142,

9  at *5 (N.D. Cal. Sept. 8, 2011) (concluding that unlawful detainer action brought against

10  plaintiff to gain possession of the property is unrelated to a mortgage transaction, and

11  therefore, outside the scope of FDCPA).  The Court concludes that Plaintiffs' first cause of

12  action under the FDCPA is legally infirm, and therefore, must be dismissed.

13              **2.    Constitutional Claims**

14      Plaintiffs' second cause and third causes of action allege, respectively, that

15  Defendants violated their right to due process and the Fourth Amendment by attempting to

16  foreclose on the Property without legal cause to do so.  E.g. FAC ¶¶ 100-122.  The Court

17  liberally construes these claim under 42 U.S.C. § 1983, which allows individuals to sue

18  government officials who violate their civil rights while acting "under color of any statute,

19  ordinance, regulation, custom, or usage, of any State."  To maintain a claim pursuant to

20  § 1983, a plaintiff must establish:  (1) the deprivation of any rights, privileges or

21  immunities secured by the Constitution or federal law, (2) by a person acting under the

22  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Nurre v. Whitehead, 580

23  F.3d 1087, 1092 (9th Cir. 2009).  Section 1983 is not itself a source of substantive rights,

24  but a jurisdictional vehicle for vindicating federal rights elsewhere conferred.  See

25  Thornton v. City of St. Helens, 425 F.3d 1158, 1164 (9th Cir. 2008) (citations omitted).

26  "The purpose of § 1983 is to deter state actors from using the badge of their authority to

27  deprive individuals of their federally guaranteed rights."  McDade v. West, 223 F.3d 1135,

28  1139 (9th Cir. 2000).

1    With regard to Deutsche Bank, Plaintiffs' putative § 1983 claims fail for lack of

2  state action.  The defendant in a § 1983 case must have exercised power "possessed by

3  virtue of state law and made possible only because the wrongdoer is clothed with the

4  authority of state law."   United States v. Classic, 313 U.S. 299, 326 (1941).  A state actor

5  acts under color of state law when he abuses the position given to him by the state.  West v.

6  Atkins, 487 U.S. 42, 49-50 (1988).  The "under color of state law" requirement is an

7  essential element of a § 1983 case, and it is the plaintiff's burden to establish this element.

8  See Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).  Purely private conduct, no matter

9  how wrongful, is not covered under § 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505

10  F.2d 547, 559 (9th Cir. 1974).  Here, Deutsche Bank is a private entity that simply availed

11  itself of state law procedures to recover possession of property that it had foreclosed upon.

12  The Ninth Circuit has held that there is no state action in that circumstance.  See Apao v.

13  Bank of N.Y., 324 F.3d 1091, 1094-95 (9th Cir. 2002) (holding that with respect to

14  foreclosure proceedings, there is "no state action in either the availability of such private

15  remedies or their enforcement.").

16    As to the Sheriff Defendants, the Court finds that they are entitled to absolute

17  immunity for their quasi-judicial acts relating to the court-ordered Writ of Possession.

18  Quasi-judicial immunity derives from the long-recognized common law doctrine of judicial

19  immunity and protects nonjudicial officers from "claims relating to the exercise of judicial

20  functions."  Curry v. Castillo, 297 F.3d 940, 947 (9th Cir. 2002); accord Coverdell v. Dept.

21  of Social & Health Servs., 834 F.2d 758, 764-65 (9th Cir. 1987) (recognizing that "persons

22  who faithfully execute valid court orders" are "integral parts of the judicial process" and

23  therefore are covered by quasi-judicial immunity).  Quasi-judicial immunity extends to

24  claims for damages as well as declaratory, injunctive and other equitable relief.  Mullis v.

25  Bankr. Ct. for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987).

26    Plaintiffs' due process and Fourth Amendment claims against the Sheriff Defendants

27  is based on their having served an eviction notice pursuant to a facially-valid Writ of

28  Possession issued by the Sonoma County Superior Court.  There are no allegations of

1   impropriety by the Sheriff Defendants in serving the eviction notice.  Rather, Plaintiffs

2   allege only that service of the eviction notice was improper ostensibly because the

3   foreclosure of the property and resulting unlawful detainer judgment were improper.

4   Because the sole allegations against the Sheriff Defendants relate to its mandatory duty to

5   enforce the Superior Court's Writ of Possession, they are entitled to absolute immunity

6   from Plaintiffs' claims.  See Von Brincken v. Royal, No. 2:12-cv-2599-MCE-CKD PS,

7   2013 WL 211245, *3 (E.D. Cal., Jan. 10, 2013) (finding that § 1983 claims based on

8   sheriff's deputies service of an eviction notice and writ of possession upon plaintiffs

9   pursuant to a court order were absolutely immune under the doctrine of quasi-judicial

10  immunity; see also Henry v. Farmer City State Bank, 808 F.2d 1228, 1238-39 (7th Cir.

11  1986) (sheriff who acted pursuant to official court order in enforcing a court-issued

12  judgment entitled to quasi-judicial absolute immunity from liability for damages under

13  § 1983).[4]

14       In sum, Plaintiffs' § 1983 claims against Deutsche Bank and the Sheriffs Defendants

15  are legally infirm and are therefore such claims are subject to dismissal.

16          **3.      Protecting Tenants in Foreclosure Act**

17       The fourth cause of action of the Amended Complaint is brought by Plaintiff

18  Goldman against all Defendants.  FAC ¶¶ 123-124.  The PTFA requires any party acquiring

19  an interest in property through foreclosure to provide existing tenants with ninety days'

20  notice to vacate.  See Pub. L. No. 111-22, tit. VII, § 702, 123 Stat. 1632, 1660-61 (2009).

21  Congress did not create a private right of action to enforce the PTFA.  See Miller v. Chase

22  Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012); Nat'l Trust Co. v. Eaddy, No. C

23  12-01845 YGR, 2012 WL 4173987, at * 1 (N.D. Cal. Sept. 18, 2012); Nativi v. Deutsche

24  Bank Nat'l Trust Co., No. C 09-06096 PVT, 2010 WL 2179885 (N.D. Cal. May 26, 2010).

25

26  _____

27       [4] Plaintiffs contend that quasi-judicial immunity does not apply to situations where
    the government officials are acting "beyond the scope of their authority."  Opp'n at 12.
    However, there are no facts alleged showing that the Sheriff's Office Defendants were
28  acting outside the scope of their authority.

1  The Court finds that Plaintiffs' fourth cause of action for violation of the PFTA is subject to

2  dismissal.

3  **IV.    CONCLUSION**

4        The Court finds that under the <u>Rooker-Feldman</u> doctrine it lacks subject matter

5  jurisdiction to hear Plaintiffs' claims.  Alternatively, Plaintiffs have failed to allege any

6  plausible claims for relief.  Accordingly,

7        IT IS HEREBY ORDERED THAT:

8        1.      Defendants' motions to dismiss are GRANTED.

9        2.      The Clerk shall close the file and terminate all pending matters.

10        IT IS SO ORDERED.

11  Dated: June 28, 2013                              _____`
                                                       SAUNDRA BROWN ARMSTRONG
12                                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

1 | FOR THE
NORTHERN DISTRICT OF CALIFORNIA
2

3
GERARD DUENAS et al,
4
Plaintiff,
5
v.
6
STEVEN FREITAS et al,
7
Defendant.
8 _____/
9

10 Case Number: CV13-00836 SBA

11 **CERTIFICATE OF SERVICE**

12

13 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.
14

15 That on June 28, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said
copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
16 said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
located in the Clerk's office.
17

18

19

20 Gerard Duenas
6285 Sonoma Highway 12
21 Santa Rosa, CA 95409

22 Harold Goldman
6285 Highway 12
23 Santa Rosa, CA 95409

24

25 Dated: June 28, 2013
Richard W. Wieking, Clerk
26

27 By: Lisa Clark, Deputy Clerk

28